# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 103, Flushing, NY 11355

August 9, 2023

**Via ECF**
Hon. Hector Gonzalez, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Plaintiffs' Letter Motion for Court Approval of Settlement Agreement**
*Loh v. Kong Kee Food Corp.*, No. 20-cv-01597 (HG) (MMH), (E.D.N.Y.) ("*Loh I*")
*Loh v. 212 Grand Food Corp.*, No. 20-cv-04774 (HG) (MMH), (E.D.N.Y.) ("*Loh II*")

Your Honor,

We represent the Plaintiffs in the above-referenced matters. We write respectfully, and with the consent of Defense counsel, to request a decision and order that the Parties' settlement of these matters is fair and reasonable.

## I. Background

Plaintiffs Kim Keong Loh and Jin Rong Su (hereinafter collectively "Plaintiffs") allege that they were employed by Kong Kee Food Corp, Kong Kee Holding Corp, 212 Grand Food Corp., Ip Wing Kong, and Yuet Tong Lam (hereinafter collectively "Defendants").

Plaintiff Kim Keong Loh commenced *Loh I* against Defendants (other than 212 Grand Food Corp. and Yuet Tong Lam) on March 29, 2020; amended his Complaint in *Loh I* to add Yuet Tong Lam as a Defendant on August 4, 2020; and commenced *Loh II* against 212 Grand Food Corp. on October 4, 2020. *Loh I* and *Loh II* were coordinated for purposes of discovery and trial on October 26, 2020. Plaintiff Jin Rong Su joined *Loh I* on Jun 1, 2021. Plaintiffs allege that Defendants violated the Fair Labor Standards Act (hereinafter the "FLSA") and/or the New York Labor Law (hereinafter the "NYLL"), including its implementing Miscellaneous Industry Wage Order (hereinafter the "Wage Order") during their alleged employments, and sought to recover compensatory damages for alleged nonpayment of minimum wage, overtime, or spread of hours pay; liquidated damages; statutory damages for alleged non-furnishing of wage notices or wage statements; prejudgment interest; postjudgment interest; attorneys' fees; and litigation expenses. Defendants denied all of Plaintiffs' allegations, and any liability.

The Parties were ably assisted in agreement as to certain material terms of the Agreement by mediator Pamela Esterman on May 31, 2023 and June 13, 2023, and reported their settlement in principle to the Court on June 21, 2023.

## II. Standards

Hon. Hector Gonzalez, U.S.D.J.
August 9, 2023
*Loh v. Kong Kee Food Corp.*, No. 20-cv-01597 (HG) (MMH), (E.D.N.Y.) ("*Loh I*")
*Loh v. 212 Grand Food Corp.*, No. 20-cv-04774 (HG) (MMH), (E.D.N.Y.) ("*Loh II*")
Page 2 of 5

"[T]he Second Circuit [has] held that a district court presented with a[n] FLSA settlement for review engages in a two-part inquiry: (1) it reviews the settlement agreement for fairness, typically based on the factors set forth in *Wolinsky* [*v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)]; and (2) if attorneys' fees and costs are provided for in the settlement, it "also evaluate[s] the reasonableness of the fees and costs." *Mercado v. Emunah Mgmt. Corp.*, No. 21-cv-03914 (LJL), 2021 U.S. Dist. LEXIS 248900, at *2 (S.D.N.Y. Dec. 27, 2021) (quoting *Fisher v. SD Protection Inc.*, 948 F.3d 593, 600 (2d Cir. 2020)).

The *Wolinsky* factors, which are not exhaustive, are: "(1) the plaintiff[']s range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky*, 900 F. Supp. 2d at 335 (citation and internal quotation marks omitted).

In "'evaluat[ing] the reasonableness of the requested attorneys' fees and costs…' the Court will look to the lodestar and other factors: '[t]he most critical [of which] in determining the reasonableness of a fee award is the degree of success obtained.'" *Mercado*, 2021 U.S. Dist. LEXIS 248900, at *2 (quoting *Fisher*, 948 F.3d at 606); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184 ("[T]he district court should, in determining what a reasonable, paying client would be willing to pay, consider factors including, but not limited to, the complexity and difficulty of the case, the available expertise and capacity of the client's [] counsel[], the resource required to prosecute the case effectively[], the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted *pro bono*[], and other returns (such as reputation, etc.) that attorney might expect from the representation."). "[T]he court must 'evaluate the reasonableness of the requested attorneys' fees and costs without using proportionality as an outcome determinative factor.'" *Id.* (quoting *Fisher*, 948 F.3d at 606). "'The fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs.'" *Id.* (quoting *Fisher*, 948 F.3d at 606).

### III. The Settlement Is Fair and Reasonable

The Settlement Agreement is attached hereto. *See* Ex. 1.

Plaintiffs' range of possible recovery under the NYLL,[1] evaluating prejudgment interest as of June 21, 2023 when the parties reached a settlement in principle (*see* Ex. 1, at *3) was between

---

[1] "[Plaintiffs] may not recover under both [the FLSA and the NYLL] for the same injury. [They] may, however, elect to recover damages under the statute that provides for greater recovery." *Cordova v. D&D Rest., Inc.*, No. 14-cv-08789 (CS) (LMS), 2015 U.S. Dist. LEXIS 145431, 2015 WL 6681099, at *5 (S.D.N.Y. Oct. 7, 2015). The NYLL provides for greater recovery with its higher minimum wage (*c.f.* 29 U.S.C. § 203; N.Y. Lab. L. § 652; 12 N.Y.C.R.R. § 146-1.2), longer statute of limitations (*c.f.* 29 U.S.C. § 255; N.Y. Lab. L. §§ 198.3, 663.3 ), wage notice damages which are not found in the FLSA (*see* N.Y. Lab. L. §§ 198.1-b, 198.1-d), and treatment of liquidated damages as

2

Hon. Hector Gonzalez, U.S.D.J.
August 9, 2023
*Loh v. Kong Kee Food Corp.*, No. 20-cv-01597 (HG) (MMH), (E.D.N.Y.) ("*Loh I*")
*Loh v. 212 Grand Food Corp.*, No. 20-cv-04774 (HG) (MMH), (E.D.N.Y.) ("*Loh II*")
Page 3 of 5

$0.00 and $210,358.24 (*see* Exs. 2, 3, computations of damages; *c.f.* Dkt. Nos. 79-1, 79-2 (same except interest calculated up to May 26, 2023)). Of the $210,358.24, $82,249.02 was allegedly attributed to unpaid wages, with the remainder being allegedly attributed to liquidated damages, wage notice and wage statement damages, and prejudgment interest. Plaintiffs' recovery under the settlement agreement of $50,065.97 represents a 23.80% recovery of the total calculated damages and a 60.87% recovery of the calculated unpaid wages. This percentage is reasonable, given Plaintiffs' potential obstacles to recovery. *See*, *e.g. Gervacio v. ARJ Laundry Servs. Inc.*, No. 17-cv-09632, 2019 U.S. Dist. LEXIS 12760, 2019 WL 330631, at *1 (S.D.N.Y. Jan. 25, 2019) (net settlement of 20% of FLSA plaintiff's maximum recovery is reasonable).

The parties had completed discovery and had this matter not settled were prepared to proceed to trial—a step which the settlement agreement permits the Parties and the Court to avoid, along with a potential appeal stemming from a judgment of this matter. *See Muniz v. Re Sepc Corp.*, No. 16-cv-02878 (BCM), 2018 U.S. Dist. LEXIS 40353, at *6 (S.D.N.Y. Mar. 9, 2018) (approving a "settlement [reached] on the eve of trial" because, among other things, "settlement prior to trial conserves judicial resources and permits all parties to avoid the anticipated burdens and expenses of litigation."); *see also Chang v. CK Tours, Inc.*, No. 18-cv-06174 (PAC), 2022 U.S. Dist. LEXIS 100943, 2022 WL 1963663, at *3, (S.D.N.Y. June 6, 2022).

Defendants claim that the evidence shows that Plaintiffs were paid properly at all times. The litigation risks at trial were considerable, with both sides presenting exhibits and testimony the credibility of which a jury would have needed to evaluate. Neither side was assured of an outcome in its favor.

Settlement negotiations were conducted at arm's length between experienced counsel, by Zoom, with the facilitation of mediator Pamela Esterman. Subsequent settlement negotiations to arrive at a written settlement agreement were conducted between counsel by email and telephone. There was no possibility of fraud or collusion.

Accordingly, the settlement agreement should be approved.

### IV. Plaintiffs' Attorneys' Fees and Costs Should Be Approved

Plaintiffs' Counsels' contemporaneous time and billing records with itemized costs list is attached. *See* Ex. 4.

The fee lodestar of $93,050.17 is based on:

- 5.35 hours billed by partner John Troy at a rate of $650.00 per hour;
- 70.63 hours billed by senior associate Aaron B. Schweitzer at a rate of $400.00 per hour;

---

punitive, making prejudgment interest available, while the FLSA treats its liquidated damages as prejudgment interest (*see Elisama v. Ghzali Gourmet Deli, Inc.*, No. , 2016 U.S. Dist. LEXIS 58833, 2016 WL 11523365, at *4 (S.D.N.Y. Nov. 7, 2016)).

Hon. Hector Gonzalez, U.S.D.J.
August 9, 2023
*Loh v. Kong Kee Food Corp.*, No. 20-cv-01597 (HG) (MMH), (E.D.N.Y.) ("*Loh I*")
*Loh v. 212 Grand Food Corp.*, No. 20-cv-04774 (HG) (MMH), (E.D.N.Y.) ("*Loh II*")
Page 4 of 5

- 2.66 hours billed by senior associate Aaron B. Schweitzer at a rate of $200.00 per hour;
- 95.19 hours billed by junior associate Tiffany Troy at a rate of $250.00 per hour;
- 85.58 hours billed by junior associate Eric Chen at a rate of $250.00 per hour; and
- 77.98 hours billed by senior clerk Preethi Kilaru at a rate of $200.00 per hour.

These hourly rates are reasonable given the experience of counsel and prior awards. *See, e.g.*, *Blanca Sagbaciela v. Ruby Nail Tarrytown, Inc.*, No. 053960/2021 (Sup. Ct. Westchester Cty. Feb. 27, 2023) (Order on the record by the Hon. Hal B. Greenwald, J.S.C. granting $650.00 to Mr. Troy, $400.00 to Mr. Schweitzer, and $200.00 to Ms Kilaru); *Lu v. Golden Fortune Rest. Inc.*, No. 656927/2019 (Sup. Ct. New York Ctty. Apr. 27, 2022) (Order on the record by the Hon. James D. Auguste, J.S.C. granting $600.00 to Mr. Troy, $400.00 to Mr. Schweitzer, and $200.00 to Ms Kilaru)); *Xu v. Kealoha Sushi Inc.*, No. 19-cv-01185 (PAE) (SDA), Dkt. No. 87 (S.D.N.Y. Aug. 24, 2021) (awarding Mr. Troy $550.00 per hour, Mr. Schweitzer $350.00 per hour, and Ms Kilaru $200.00 per hour); *Weng v. Kung Fu Little Steamed Buns Ramen, Inc.*, No. 17-cv-00273 (LAP), Dkt. No. 125 (S.D.N.Y. May 21, 2021) (awarding $550.00 to Mr. Troy, $350.00 to Mr. Schweitzer and another senior associate, $200.00 to Ms Kilaru) (citing *Hu v. 226 Wild Ginger Inc.*, No. 17-cv-10161 (JGK) (KNF), 2020 WL 6324090, at *8 (S.D.N.Y. Oct. 7, 2020), *report and recommendation adopted*, 2020 WL 6324088 (S.D.N.Y. Oct. 27, 2020)).

The fee recovery of $75,098.95 provided for in the settlement agreement amounts to a percent recovery of 80.71% on the lodestar, which is roughly proportional to the Plaintiffs' percent recovery on their alleged unpaid wages (60.87%). Plaintiff Loh was successful in obtaining conditional collective certification (and Plaintiff Su opted in thereafter).

Plaintiffs' itemized costs are for filing fees, printing costs, process service fees, postage (for discovery demands and collective notices), and interpreter costs for deposition. These costs are of the type and magnitude that are routinely awarded. *See, e.g.*, *Cao v. Wu Liang Ye Lexington Rest., Inc.* No. 08-cv-03725 (DC), 2010 U.S. Dist. LEXIS 109373, 2010 WL 4159391, at *8–9 (S.D.N.Y. Sep. 30 2010) (awarding $6,184.08 in costs related to court filings, transcription services and interpreter fees); *Kim v. 167 Nail Plaza, Inc.,* No. 05-cv-8560, 2008 U.S. Dist. LEXIS 111900, 2009 WL 77876, at *10 (S.D.N.Y. Nov. 24, 2008) *recommendation adopted*, 2009 U.S. Dist. LEXIS 1992, 2009 WL 77876 (S.D.N.Y. Jan. 12, 2009) (awarding "amounts paid for translation services, court fees, and court-reporting services, for a total of $26,098.80").

Accordingly, the fees and costs provided for in the settlement agreement should be approved.

We thank the Court for its attention to and consideration of this matter.

TROY LAW, PLLC

/s/ *Aaron B. Schweitzer*
Aaron B. Schweitzer

Hon. Hector Gonzalez, U.S.D.J.
August 9, 2023
*Loh v. Kong Kee Food Corp.*, No. 20-cv-01597 (HG) (MMH), (E.D.N.Y.) ("*Loh I*")
*Loh v. 212 Grand Food Corp.*, No. 20-cv-04774 (HG) (MMH), (E.D.N.Y.) ("*Loh II*")
Page 5 of 5

                                                        41-25 Kissena Boulevard
                                                        Suite 110
                                                        Flushing, NY 11355
                                                        (718) 762-1324
                                                        troylaw@troypllc.com
                                                        *Attorney for Plaintiffs*

cc: via ECF
    all counsel of record
    /asb